**UNITED STATES of America,**
**Plaintiff,**

v.

**NATCHEZ SPECIAL MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,**
**Defendants.**

**Civ. A. No. 1120.**

United States District Court
S. D. Mississippi, W. D.

Jan. 28, 1966.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., James McCune, Dept. of Justice, Washington, D. C., for plaintiff.

Thomas H. Watkins, Jackson, Miss., R. Brent Foreman, Natchez, Miss., for defendants.

WILLIAM HAROLD COX, Chief Judge.

This case is before the Court again, now on plaintiff's objections to defendants' desegregation plan which was filed herein pursuant to an order of this Court dated October 2, 1965. The plan admittedly substantially complies with the order of the Court as containing the Singleton requirements in such case. The objections in the main are directed actually at the order of the Court because the plan does substantially conform thereto. It may be conceded that any plan in any kind of contested case is always vulnerable to destructive criticism.

The Court has very carefully examined and studied the evidence in this case, including an affidavit and a deposition of the superintendent of the school district, along with a careful consideration of the plan of desegregation which seems to this Court to conform with the Singleton requirements in this Circuit. Now it is urged that a plan to commence integration of the school prior to September 1966 to some degree is imperative. Significantly, the community and the school and the NAACP are satisfied with this

plan as evidenced by their agreement as to their settlement of grievances as published in a Natchez paper on December 4, 1965. Surely, public sentiment against integration of the schools, and any condition of present unrest in the community can have no effect on the duty of the school to desegregate in strict accordance with the requirements of law. The probabilities are that plaintiff has mistakenly attached undue significance to this circumstance which is mentioned several times in the record as an existing fact.

This complaint was not filed until after all students had registered for attendance at an assigned school on August 25–27, 1965. The evidence in this case shows with convincing clarity that a school session is not commenced or conducted by happenstance, or without considerable advanced study, planning and prearrangement whereat provision is made for an orderly and coordinated operation of the school and transportation facilities as a working unit.

The plaintiff now urges an acceleration of the plan to commence at the second semester which convened last Monday on January 24. Completely aside from the near state of anarchy which has existed at Natchez during recent months, the undisputed evidence and inescapable inferences from that evidence in this case is that any order of this Court at this time requiring immediate integration of two grades in the high schools would result in a complete demoralization of the school planned program; and in probable chaos and endless confusion in those grades, if such plan were availed of by any appreciable number of students. The further very convincing and undisputed facts and circumstances are that such a court-inspired plan would be made with no knowledge or idea of its effect; and with no intelligent arrangement for its proper execution and would result in vastly more injury than help to students of both races. Competent and qualified teachers, as well as available space and facilities at this school both present a problem which must be reckon-

ed with and cannot be ignored as suggested. Impatience does not supply a helpful tool in handling this delicately poised school problem. The plaintiff's expert witness did not support his contentions here, but said that there was no emergency situation in this school at Natchez, and he was not telling this Court that any need for emergency relief at Natchez existed because of any disparity of accommodations or facilities. The negro schools at Natchez are accredited by the association and its graduates can attend any school of their choice anywhere in this country.

There is nothing found by this Court in the requirements of the Singleton case to require this Court to cast its discretion to the winds and blindly follow an unchartered and poorly considered course just for the sake of forcing compliance with the Brown case now. It is vastly more important that the rights of these negro children be intelligently enforced and vouchsafed in a manner which will be most helpful to them and not completely destructive of the school. It is very significant that no student or parent or guardian of any student requested a transfer at registration in August 1965 to another school.

The plan for desegregation of this school is in substantial compliance with the order of the Court. It may be amended and changed and ultimately improved with experience and without jeopardizing or impairing the rights of any of these school children to a good education without too much outside meddling and interference from uninformed sources not versed in the problem of handling the myriad details incident to the complicated responsibility of operating fifteen schools attended by many thousand students.

The exceptions to this plan at present will be denied. The school will be expected by the Court to fully inform the students themselves or their parents or both through available news media of their rights at the proper time and sufficiently in advance of registration to enable them to avail thereof. A student

attending school in Natchez for the first time should be assigned to a school completely without regard to the race of the student and without regard to whether or not the particular grade is desegregated at the time. The plan of desegregation in the main as filed on October 30, 1965 will be approved; but the Court will reserve the right to change, alter, amplify, add to or nullify the plan as necessities and proprieties may indicate.

Since the hearing of this matter, the United States Court of Appeals for this Circuit in Singleton v. Jackson Municipal Separate School District, 355 F.2d 865, has made some adjustments in the plan followed in this case; and the plan of this school, therefore, should be amended and revised within thirty days to conform thereto.

An order accordingly may be presented.